UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DARRYL LEWIS RUSSELL,
*Defendant-Appellant.*

No. 02-4648

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-91-57)

Submitted: February 26, 2003

Decided: March 31, 2003

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

L. Brad Braford, L. BRAD BRAFORD, P.C., Roanoke, Virginia, for
Appellant. John L. Brownlee, United States Attorney, Anthony P.
Giorno, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Darryl Lewis Russell appeals the district court's judgment revoking his supervised release and imposing a thirty-six month prison term. On appeal, Russell argues the district court erred in its factual findings, and improperly applied the policy statements contained in *U.S. Sentencing Guidelines Manual* § 7B1.1, p.s. (2001). Finding no reversible error, we affirm.

We review the factual findings of the district court for clear error, and its legal interpretation of the Sentencing Guidelines de novo. *United States v. Dawkins*, 202 F.3d 711, 714 (4th Cir. 2000). Furthermore, we review the district court's order imposing a sentence after revocation for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court may revoke a defendant's term of supervised release if it finds by a preponderance of the evidence that he violated the terms of release. 18 U.S.C.A. § 3583(e)(3) (West 2000).

Russell's primary argument on appeal is that the district court erred in finding that the conduct underlying his revocation proceedings constituted a Grade A violation, rather than a lesser Grade C violation. After a review of the record, we conclude the district court was presented with sufficient evidence to find by a preponderance of the evidence that Russell's actual conduct constituted a Class A violation under the guidelines.

Russell also contends that the district court improperly applied the Chapter 7 policy statements of the Sentencing Guidelines causing him to receive a longer term of imprisonment than was justified by his conduct. The Sentencing Guidelines policy statements applicable to violations of supervised release include a table of sentencing ranges. *See* USSG § 7B1.4(a). This court has held that the Chapter 7 policy statements are not binding on the courts, but are advisory in nature. *United States v. Davis*, 53 F.3d 638, 640-41 (4th Cir. 1995). Once a district court considers Chapter 7 policy statements, the court is then free to exercise its discretion to reject the suggested sentence and

impose the statutorily authorized sentence it deems appropriate. *Id.* at 642-43.

Here, the district court found by a preponderance of the evidence that Russell's actual conduct constituted a Class A violation of the terms of his supervised release, and with Russell's criminal history category of V, the recommended guidelines range of imprisonment for Russell was thirty to thirty-seven months. *See* USSG § 7B1.4(a). Because Russell was sentenced within the recommended guidelines range, and because the district court was aware that Chapter 7 policy statements are non-binding, we find the district court properly applied the Sentencing Guidelines in imposing Russell's sentence.

We therefore affirm the revocation of Russell's supervised release term and his thirty-six month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*